KEETER-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-074-CV





JERRY KEETER AND KEETER AERIAL SPRAYING, INC.,



 APPELLANTS


vs.





TEXAS DEPARTMENT OF AGRICULTURE,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 91-10321, HONORABLE JON WISSER, JUDGE PRESIDING



 






 Jerry Keeter and Keeter Aerial Spraying, Inc. (collectively "Keeter") unsuccessfully
sought to enjoin enforcement of a final order of the Texas Department of Agriculture ("the
Department") revoking Keeter's commercial pesticide applicator's license. We will affirm the
judgment of the trial court.



BACKGROUND


 This dispute originated as an administrative enforcement action by the Department
for violations of the Texas Agriculture Code and the regulations promulgated thereunder. See
Tex. Agric. Code Ann. § 76.116(a)(1) (West 1982); 4 Tex. Admin. Code § 7.22(a) (1991). The Department found that Keeter had made pesticide applications in a manner inconsistent with the
labeling of the pesticide and revoked Keeter's commercial applicator's license. Keeter filed a
motion for rehearing with the Department, but did not timely file suit for judicial review in the
district court under section 19 of the Administrative Procedure and Texas Register Act
("APTRA"). (1) Instead, Keeter brought an action in the district court seeking injunctive and
declaratory relief pursuant to section 12 of APTRA. (2) Keeter sought an injunction of the
revocation of his license and a declaration that the Department's enforcement actions were beyond
its statutory authority and, therefore, void. Keeter argued that the Department failed to publish
a penalty schedule in the Texas Register and because publication of the schedule was a
prerequisite to any enforcement action by the Department, the order of revocation was void. See
Tex. Agric. Code Ann. § 76.1555 (West Supp. 1992). The district court denied the requested
injunctive relief and declared that the revocation order was valid. Keeter appeals from the
judgment of the district court.



DISCUSSION AND HOLDING 


 As a preliminary matter, we consider whether Keeter could properly bring the
underlying action under section 12 of APTRA. As noted, after the Department issued its final
order, Keeter filed a motion for rehearing but did not meet its deadline for review under section
19 of APTRA and instead sought declaratory and injunctive relief under section 12.

 The Department argues that Keeter failed to exhaust his administrative remedies
and that this cause is an impermissible collateral attack on the agency order. Keeter contends that
section 12 actions do not require an exhaustion of administrative remedies and that the Department
order is a void judgment, which may be attacked collaterally.

 A person seeking judicial review pursuant to section 19 of APTRA must have
"exhausted all administrative remedies." Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 19(a) (West
Supp. 1992). However, section 12 contains no similar requirement. Relief under section 12 is
available "whether the plaintiff has requested the agency pass on the validity or application of the
rule in question," but may not "be used to delay or stay a hearing after notice of hearing has been
given if a suspension, revocation, or cancellation of a license . . . is at issue before the agency." 
Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 12 (West Supp. 1992). This provision suggests that
other types of agency action may be stayed by a section 12 action before a final order or an
exhaustion of remedies. We conclude that a section 12 action may be maintained without first
exhausting administrative remedies. See City of Sherman v. Public Util. Comm'n, 643 S.W.2d
681, 683 (Tex. 1983); Texas Dep't of Human Servs. v. ARA Living Ctrs. of Tex., Inc., 833
S.W.2d 689, 692 (Tex. App.--Austin 1992, writ requested); Southwestern Bell Telephone Co. v.
Public Util. Comm'n, 735 S.W.2d 663, 669-70 n.3 (Tex. App.--Austin 1987, no writ). 

 The validity of a section 12 suit attacking a final order in a contested case is an area
of debate between the commentators. See Brian D. Shannon, Declaratory Judgments Under Texas
Administrative Procedure and Texas Register Act: An Under-Utilized Weapon, 41 Baylor L. Rev.
600, 625 (1989); Steven Baron, Judicial Review of Administrative Agency Rules: A Question of
Timing, 43 Baylor L. Rev. 139, 165-66 (1991). However, we need not resolve this debate to
dispose of this appeal.

 In his first point of error, Keeter argues the district court erred in finding the
Department's revocation order was valid because the Department failed to satisfy a prerequisite
to its enforcement authority--the publication of a penalty schedule for violations of chapters 75 and
76 of the Agriculture Code. Keeter relies upon section 76.1555(a) and (b) to support its
contention. Tex. Agric. Code Ann. § 76.1555(a), (b) (West Supp. 1992). This section was added
by amendment effective September 1, 1989. Keeter argues that because the Department did not
publish a schedule and penalties required by this section until November 20, 1990, it could not
revoke his license for violations occurring in June of 1990.

 The Department replies that the publication requirements relied upon by Keeter do
not apply to license revocations. We agree. Section 76.1555 and related provisions granted a
new enforcement mechanism to the Department--the authority to impose administrative fines. 
Before these amendments, the Department's enforcement authority included the suspension,
modification, or revocation of licenses under section 76.116 of the Agriculture Code. Tex. Agric.
Code Ann. § 76.116 (West 1982). Keeter's argument requires the conclusion that between the
effective date of section 76.1555, September 1, 1989, and the publication of the schedule by the
Department on November 20, 1990, the Department had no enforcement authority, whether by
administrative fine or by any of the preexisting mechanisms. We disagree.

 The schedule that was required by section 76.1555 was a schedule of administrative
fines. By its terms, section 76.1555 required only that the Department "establish a schedule
stating the types of violations possible under Chapters 75 and 76 of this code and the maximum
fine applicable to each type of violation." Tex. Agric. Code Ann. § 76.1555(b) (West Supp.
1992) (emphasis added). A "fine" is defined as "[a] pecuniary punishment or penalty . . . ."
Black's Law Dictionary 632 (6th ed. 1991). The fact that the Department subsequently went
further than section 76.1555 required in publishing a comprehensive penalty matrix, that included
license suspensions and revocations in addition to administrative fines, does not compel the
conclusion Keeter suggests. The Department had the authority to revoke Keeter's license pursuant
to section 76.116 even if it had not complied with section 76.1555(b) at the time of the violations. 
Accordingly, we overrule Keeter's first point of error.

 In his second point of error, Keeter contends that the revocation order was invalid
because of the Department's violation of APTRA. Keeter argues that the Department, in failing
to publish the penalty schedule, violated section 4(b) of APTRA, which requires that agency rules,
orders, and decisions be indexed and made available for public inspection before the agency action
is valid or effective. Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 4(b) (West Supp. 1992). 

 As we have stated above, the Department's order revoking Keeter's license was
pursuant to enforcement authority that preexisted the 1989 amendments to the Agriculture Code. 
We have concluded that section 76.155 required only a schedule of administrative fines and did
not affect the preexisting enforcement authority. Therefore, there was no violation of section 4(b)
of APTRA. We overrule Keeter's second point of error.


CONCLUSION


 Having overruled both of Keeter's points of error, we affirm the judgment of the
district court.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 23, 1992

[Publish]
1. [1] Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 19 (West Supp. 1992).
2. [2] Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 12 (West Supp. 1992).